```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VIDAL MAURICE WHITLEY,                            :
                    Plaintiff,                    :       **MEMORANDUM OPINION**
v.                                                :       **AND ORDER**
                                                  :
DEP. OF SECURITY MARK ROYCE, et al.,              :       18 CV 2847 (VB)
                    Defendants.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Vidal Maurice Whitley, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Dep. of Security Mark Royce, Capt. Linda Carrington, Hearing Officer Ortaza, Sergeant Corey Gamble, Mail Clerk Ruby Phillips, C.O. Hughes, OMH Nurse Kim Rohrer, Lt. Lawrence Walsh, Lt. Robert Thayer, Lt. Stephen Cousin, C.O. Latoya Nelbett, Lt. Brian Badge, C.O. Martin Ramirez, C.O. Leo Lowe, Sgt. Todd Paroline, Medical Commissioner Carl Koenigsmann, SORC Dominica Piazza, C.O. Lawton Brown, Jr., C.O. Giovanni Elliot, C.O. S. Brown, C.O. Bermann Joseph, C.O. Tim Fitzpatrick, C.O. Farr, C.O. Paul Holland, and Supt. Michael Capra.

Now pending is defendants' unopposed motion to dismiss the complaint pursuant to Rule 8, Rule 12(b)(1), and Rule 12(b)(6). (Doc. #64).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction under 18 U.S.C. § 1331.

## BACKGROUND

Plaintiff commenced this action by filing a complaint dated February 11, 2018, naming 76 defendants. (Doc. #2). The complaint's substantive allegations span 21 handwritten pages with no apparent organization, minimal paragraph and line breaks, and no punctuation. The Court has previously described the pleading "as a stream-of-consciousness rant, without any

1

structure or punctuation, [making] scattershot allegations without any apparent attempt at creating a cohesive or chronological narrative." (Doc. #6 at 3).

On April 17, 2018, the Court issued an Order of Service dismissing 49 defendants as to whom plaintiff made "no intelligible or otherwise understandable allegations." (Doc. #6 at 5). Liberally construing plaintiff's pro se pleading, the Court discerned potential causes of action against the remaining 27 defendants, on whom the Court ordered service of process. The Court's Order of Service recited and explained the requirement, set forth in Rule 8 of the Federal Rules of Civil Procedure, that a complaint make a short and plain statement showing the pleader is entitled to relief. (See id. at 4–5).

On May 3, 2018, plaintiff requested leave to file an amended complaint. (Doc. #8). The Court granted that request in an Order that again informed plaintiff, in bold font, that he "must provide a **short and plain statement** of the relevant facts supporting each claim against each defendant," and also advised plaintiff what the body of an amended complaint must contain. (See Doc. #9). The Clerk mailed a copy of that Order to plaintiff. The Court later extended several times plaintiff's deadline to file the amended complaint, at one point reminding plaintiff he "must allege facts describing the relevant events in detail, as set forth in the Court's . . . Order granting plaintiff leave to amend." (Doc. #46). The Court also mailed plaintiff a second copy of its Order directing plaintiff to file an amended complaint providing a short and plain statement of the facts supporting plaintiff's claims.

On August 30, 2018, plaintiff filed a 155-page amended complaint naming 265 defendants. It included "a 108-page barely legible, single spaced, statement of facts." (Doc. #51 at 2). The Court described it as "an incomprehensible screed that contains page-upon-page of irrelevant and immaterial claims, requiring a spectacular attention span to review a single page."

2

(Id. at 3).  After again reciting the Rule 8 pleading standard, see id. at 2, the Court struck the amended complaint from the docket and deemed plaintiff's original complaint the operative complaint in this action.  In response, plaintiff filed a letter requesting that the undersigned recuse from the case and stating, among other things, that plaintiff has limited writing proficiency and did not complete middle school.  (Doc. #57).

On November 21, 2018, all defendants except C.O. Jeanine Gayle, who had not yet appeared in the case, filed a motion to dismiss (Doc. #64) together with a supporting memorandum of law (Doc. #65) attempting to parse plaintiff's claims.  Defendant Gayle later appeared and joined the motion to dismiss.  (See Doc. #73).  After the Court extended plaintiff's time to oppose the motion three times, plaintiff neither filed a timely opposition nor requested a further extension.  Accordingly, the Court has deemed the motion fully submitted and unopposed.  (Doc. #77).

**DISCUSSION**

I.      Legal Standard

As the Court has repeatedly explained in this case, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When a complaint fails to comply with this requirement, the court may strike any portions of it "that are redundant or immaterial," or may dismiss the complaint.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 12(f)).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citing Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  By way of example, courts have dismissed for failure to comply with Rule 8 a complaint that "spans

3

15 single-spaced pages[,] . . . contains explicit descriptions of 20-odd defendants," and "contains a surfeit of detail," id. at 43; as well as a complaint "consist[ing] of eighteen, single-spaced, handwritten pages and forty pages of exhibits," which described in 56 paragraphs at least six claims that occurred in multiple locations "over an eight-year period," Gonzalez v. Maurer, 2018 WL 401527, at *4 (D. Conn. Jan. 12, 2018).[1]

Typically, a court dismissing a complaint under Rule 8 will grant the plaintiff leave to file an amended pleading in compliance with Rule 8's requirements. Salahuddin v. Cuomo, 861 F.2d at 42. However, a court may dismiss a deficient complaint without leave to amend "in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." Id. (citations omitted).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Nonetheless, the "special solicitude" afforded to pro se litigants, Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (per curiam) (citation omitted), has its limits. See, e.g., Baron v. Complete Mgmt., Inc., 260 F. App'x 399, 400 (2d Cir. 2008) (summary order) (citing Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam); Salahuddin v. Cuomo, 861 F.2d at 42) (affirming dismissal of pro se complaint for failure to comply with Rule 8).

II. Analysis

The complaint plainly violates Rule 8.

Plaintiff's operative pleading includes 22 pages of factual allegations set forth in single-spaced, multi-page paragraphs lacking structure, organization, and punctuation. Reading it poses

---

[1] The Court will provide pro se plaintiff copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

a formidable challenge. It describes numerous alleged events involving a vast number of named defendants over a period of more than eight months. Further, many of plaintiff's allegations lack context or adequate detail, and many are nearly impossible to understand. For all these reasons, the complaint clearly does not offer "a short and plain statement of the claim[s]" showing plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Further, having undertaken to read and understand the complaint, the Court finds it to be confused, ambiguous, vague, and otherwise unintelligible such that defendants cannot fairly be expected to defend the vast range of claims that the complaint may be liberally construed to assert. The Court commends defense counsel's intrepid effort to parse the complaint into discrete claims, of which counsel identified fifteen. But the Court simply cannot discern with any confidence whether defendants have identified every claim lurking in the complaint, especially in light of the Court's duty to liberally construe plaintiff's pro se pleading.

Moreover, the Court previously granted plaintiff leave to amend the complaint, only to receive a 155-page amended complaint, naming hundreds of defendants, that the Court ordered stricken from the docket. Having repeatedly explained Rule 8's requirements to plaintiff, having already given plaintiff an opportunity to amend, and having then received from plaintiff a "successive pleading[ that] remain[ed] prolix and unintelligible," the Court declines to grant sua sponte leave for plaintiff to amend the complaint a second time. Salahuddin v. Cuomo, 861 F.2d at 42 (citations omitted).

For all these reasons, this case presents "extraordinary circumstances" in which dismissal pursuant to Rule 8, without leave to further amend, is warranted. Salahuddin v. Cuomo, 861 F.2d at 42 (citations omitted).

## CONCLUSION

Defendants' motion to dismiss is GRANTED.

The Clerk is directed to terminate the motion (Doc. #64) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: August 28, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge